UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Courtney M. Chicoine, | Case No. 23-cv-1217 (KMM/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael Segal, Warden, | |
| Respondent. | |

---

The First Step Act of 2018 ("FSA") directs the Department of Justice to create and offer "evidence-based recidivism reduction programs" to prisoners under the care of the Federal Bureau of Prisons ("BOP"). 18 U.S.C. § 3632(d). Prisoners are encouraged to participate in this programming through various incentives. One of those incentives is that participating prisoners can earn time off their sentences. Specifically, the FSA provides that

> [a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful

1

>participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

Petitioner Courtney M. Chicoine is one of several dozen prisoners at the Federal Correctional Institution in Waseca, Minnesota who in recent weeks has submitted a petition for a writ of habeas corpus challenging the BOP's calculation of her time credits earned under the FSA. Chicoine's petition is now before the Court on review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court recommends that the petition be denied and this matter dismissed.

Chicoine alleges that the BOP has incorrectly calculated the number of time credits for which she is eligible. As explained above, time credits are awarded under the FSA for participating in evidence-based recidivism reduction programs. *See* 18 U.S.C. § 3632(d)(4)(A). Chicoine has enrolled simultaneously in many evidence-based recidivism reduction programs, *see* Pet. Ex. at 5 [Dkt. No. 1-1], and she believes that the FSA entitles her to credits for *each class* in which she is enrolled, which are to be applied cumulatively. In other words, on Chicoine's interpretation of the FSA, she would earn up to 15 days of time credit for each of the 30 classes in which she is currently enrolled, for a total of 450 days of time credit earned each month—that is, more than a year off Chicoine's sentence for each month that she is incarcerated.

---

[1] Chicoine's petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases nevertheless apply to the petition. *See* Rule 1(b).

To date, this interpretation of the FSA has universally been rejected, including here in this District. *See Rice v. Segal*, No. 23-CV-0751 (ECT/DJF), Dkt. No. 6 (D. Minn. Apr. 24, 2023); *Sisson v. Segal*, No. 23-CV-0548 (NEB/JFD), Dkt. No. 5 (D. Minn. Apr. 14, 2023) (objections to Report and Recommendation filed Apr. 20, 2023); *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023); *accord Bray v. Yates*, No. 2:22-CV-142-JTR, 2023 WL 2894918, at *6 (E.D. Ark. Apr. 11, 2023) (citing *Burruss v. Hawkins*, No. H-22-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023)). Section 3632(d)(4)(A) does not require that the Federal Bureau of Prisons award credits for each *program* completed. Instead, prisoners "shall earn . . . time credits for every 30 days of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). A prisoner who participates in one program or many programs simultaneously is equally "participati[ng] in evidence-based recidivism reduction programming," *id.*, and is equally eligible to receive the same amount of time credits. "Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate." *Dale*, 2023 WL 2601215, at *5.

This Court believes the language of § 3632(d)(4)(A) to be unambiguous in his respect. But even if the statutory language *were* ambiguous, Chicoine would not be entitled to habeas relief unless the regulatory implementation of § 3632(d)(4)(A) by the BOP were an unreasonable interpretation of the statute. "The agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation,

3

nor even the interpretation deemed *most* reasonable by the courts.'" *Ameren Corp. v. FCC*, 865 F.3d 1009, 1012 (8th Cir. 2017) (quoting *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009)). The BOP has interpreted § 3632(d)(4)(A) consistent with the reading put forward above—prisoners are awarded credits based on days spent in programming, not based on number of programs attended. *See* 28 C.F.R. § 523.42(c)(1) ("For every thirty-day period that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, the inmate will earn ten days of FSA Time Credits."). Regardless of whether this interpretation is required by the text of § 3632(d)(4)(A), "the BOP's interpretation of the FSA credit-accrual formula is clearly reasonable." *Bray*, 2023 WL 2894918, at *6.

Finally, this Court notes Chicoine has submitted an addendum to her habeas petition that does not raise any additional claims, but which seeks to categorize her petition as akin to a request for compassionate release and which contends that conditions at FCI-Waseca justify her immediate release from prison. This Court, however, could not grant a compassionate-release request from Chicoine—only the District that sentenced her could do that. *See* 18 U.S.C. § 3582(c); *Ybarra v. Kallis*, No. 23-CV-2062 (ECT/KMM), 2021 WL 5235335, at *1 (D. Minn. Oct. 1, 2021). Moreover, this habeas corpus proceeding is not the appropriate procedural vehicle through which to challenge the conditions at FCI-Waseca. *See Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014). And even if Chicoine *could* challenge prison conditions in this proceeding, the quality of those conditions is not germane to the question of whether Chicoine is entitled to substantially

4

more time credits pursuant to the FSA than she has been awarded. As explained above, she is not.

This Court therefore concludes that Chicoine is not entitled to habeas corpus relief and recommends that her habeas petition be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Courtney M. Chicoine [Dkt. No. 1] be **DENIED**.

2. This mater be **DISMISSED**.


Dated: May 30, 2023              *s/ Tony N. Leung*
                                 Tony N. Leung
                                 United States District Court
                                 District of Minnesota

                                 *Chicoine v. Segal*
                                 Case No. 23-cv-1217 (KMM/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).