UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Courtney M. Chicoine, | No. 23-cv-1217 (KMM/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Michael Segal, *Warden*, | |
| Respondent. | |

Courtney Chicoine objects to the Report and Recommendation filed by United States Magistrate Judge Tony N. Leung on May 30, 2023. [Dkt. 4 (May 30th R&R).] In the May 30th R&R, Judge Leung recommended that Ms. Melendez-Vega's habeas petition, which argued that the Federal Bureau of Prisons ("BOP") miscalculated her time credits under the First Step Act of 2018 ("FSA"), be denied. Judge Leung concluded that Ms. Chicoine was not entitled to 15 days of time credit for each of the 30 individual programs in which she was enrolled simultaneously every month. As Judge Leung explained, under her interpretation, Ms. Chicoine would earn 450 days of time credit every month—"that is, more than a year off Chicoine's sentence for each month she is incarcerated." [May 30th R&R at 2.] Judge Leung concluded that 18 U.S.C. § 3632(d)(4)(A) unambiguously does not require the BOP to award credits for each program completed. Instead, prisoners earn time credits "for every 30 days of successful participation in evidence-based recidivism reduction programming." [May 30th R&R at 3

(quoting 18 U.S.C. § 3632(d)(4)(A)(i)).] Accordingly, Judge Leung recommends that the habeas petition be denied and this action be dismissed.[1] [*Id.* at 5.]

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Ms. Chicoine filed her objections on June 7, 2023. [Dkt. 7.]

Ms. Chicoine raises an array of arguments in her objections, including a cogent criticism of the so-called *Chevron* doctrine by which federal courts defer to agency interpretations of ambiguous statutes they are charged with enforcing. [Dkt. 7 at 3 (citing *Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837 (1984)).] Her arguments that are directed at the May 30th R&R can be neatly summarized as a disagreement with the statutory analysis conducted by Judge Leung in rejecting her habeas claim. However, the Court agrees with Judge Leung's analysis, which is consistent with other courts to have considered such claims. *See Rice v. Segal*, No. 23-cv-0751-ECT-DJF, ECF No. 6 (D. Minn. Apr. 24, 2023); *Dale v. Hawkins*, No. CV H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023) ("Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate."). Because the text of the FSA plainly and unambiguously does not support

---

[1] Judge Leung also correctly observed that the Addendum to the petition submitted by Ms. Chicoine seeking compassionate release can only be granted by the district that sentenced her. [May 30th R&R at 4 (citing 18 U.S.C. § 3582(c)).]

the claim raised in the petition, resort to any analysis of the BOP's interpretation under the *Chevron* doctrine is unnecessary.

Finally, a number of Ms. Chicoine's objections raise concerns about the conditions of confinement at the Federal Correctional Institution in Waseca. But under Eighth Circuit law, such claims are not appropriately adjudicated through a habeas proceeding. *See Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED** that the May 30th R&R [Dkt. 6] is **ACCEPTED**, Ms. Chicoine's Objections [Dkt. 7] are **OVERRULED**; the habeas petition [Dkt. 1] is **DENIED**; and this action is **DISMISSED**.

**Let Judgment be entered accordingly**.

Date: August 18, 2023

                                           *s/Katherine Menendez*
                                           Katherine Menendez
                                           United States District Judge